MCKOOL SMITH P.C.
Peter S. Goodman
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

- and –

MCKOOL SMITH P.C.
Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| **In re** | Chapter 11 Case No. |
| **BEARINGPOINT, INC., et al.,** | 09 - 10691 (REG) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

| | |
|---|---|
| **JOHN DeGROOTE SERVICES, LLC,** | |
| Plaintiff | |
| vs. | Adversary No. 11-01494-reg |
| **THE SERVICES GROUP, INC. n/k/a AECOM INTERNATIONAL DEVELOPMENT, INC.,** | |
| Defendant. | |

------------------------------------------------------------x

**AMENDED COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT**
**TO 11 U.S.C. §§ 547, 548 AND 550**

John DeGroote Services, LLC, in its capacity as Liquidating Trustee of the BearingPoint,

Inc. Liquidating Trust (the "Liquidating Trustee"), files this Amended Complaint to Avoid and

Recover Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550, and in support thereof asserts as follows.

**JURISDICTION AND VENUE**

1. This adversary proceeding arises in the jointly-administered chapter 11 cases of the above-referenced Debtors now pending in this Court (the "Bankruptcy Cases").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547, 548 and 550.

3. Venue of this adversary proceeding lies in the Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(F). This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

**PARTIES**

5. On February 18, 2009, BearingPoint Inc. ("BearingPoint") and certain of its affiliated subsidiaries (collectively with BearingPoint, the "Debtors") filed voluntary petitions for relief under Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), jointly administered under Case No. 09-10691 (REG).

6. By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "Plan"). The Plan has become effective by its terms.

7. Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("Trust Agreement"). Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust.

8. Pursuant to Article 5.7 of the Plan, the Debtors' avoidance actions under Chapter 5 of the Bankruptcy Code were transferred to the Liquidating Trust. Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Trustee is authorized to enforce, prosecute, settle or compromise any and all such claims.

9. Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute the claims asserted in this lawsuit.

10. John DeGroote Services, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 100 Crescent Court, Suite 700, Dallas, Texas, 75201.

11. Defendant, The Services Group, Inc. n/k/a AECOM International Development, Inc. ("Defendant"), is a corporation organized under the laws of Delaware, with its principal place of business at 2101 Wilson Boulevard, Suite 700, Arlington, Virginia 22201. Defendant will be served by certified mail addressed to: (a) Jeffrey Casperaites, Chief Financial Officer, AECOM International Development, Inc., 2101 Wilson Boulevard, Suite 700, Arlington, Virginia 22201, and (b) Defendant's registered agent, CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

**COUNT I:**
**AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**

12. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 to 11 of this Complaint as though they were set forth in this first cause of action.

13. On or within ninety (90) days before the filing of the petition, BearingPoint, Inc., a debtor in the Bankruptcy Cases, made certain transfers to the Defendant totaling $71,841.86 (the "Transfers"). A schedule of the Transfers is annexed hereto as *Exhibit 1* and incorporated herein for all purposes.

14. The Transfers constituted transfers of an interest in property of BearingPoint, Inc.

15. At the time the Transfers were made, Defendant was a creditor of BearingPoint, Inc. on account of primarily subcontractor labor and expenses to support BearingPoint Jordan.

16. The Transfers were made for and on account of an antecedent debt (the "Debt") owed by BearingPoint, Inc. to Defendant for subcontractor labor and expenses to support BearingPoint Jordan.

17. The Transfers were made for the benefit of Defendant as a creditor of BearingPoint, Inc.

18. At the time of the Transfers, BearingPoint, Inc. was insolvent.

19. The Transfers also enabled Defendant to receive more than Defendant would have received if: (i) the case was administered under chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) such creditor had received payment of the Debt to the extent provided in the Bankruptcy Code. In chapter 7 liquidation, Defendant would have received no distribution on account of the Debt.

20. Based on the foregoing, the Transfers constitute avoidable preferences pursuant to 11 U.S.C. § 547, and pursuant to 11 U.S.C. § 550, the Liquidating Trustee may recover $71,841.86 from Defendant plus interest.

21. The Liquidating Trustee has made demand on Defendant for the return of the Transfers by letter, but as of the date of the filing of this adversary proceeding, no monies have been returned.

## COUNT II:
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS

22. Pleading in the alternative, Plaintiffs repeat, reallege and incorporate by reference the allegations contained in paragraphs 1 through 21 of this Complaint as though fully set forth in this second cause of action.

23. The Transfers constitute transfers of interests in the Debtors' property.

24. The Transfers were to or for the benefit of the Defendant.

25. The Debtors received less than reasonably equivalent value in exchange for some or all of the transfers because the transfers were made by the Debtors on behalf of non-debtor subsidiaries.

26. The Debtors were insolvent, or became insolvent, and/or hand unreasonably small capital in relation to their businesses or their transactions at the time or as a result of the Transfers.

27. The transfers were made within two years prior to date that the Debtors filed their chapter 11 petitions.

28. Based upon the foregoing, the Transfers constitute avoidable fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code and, in accordance with section 550(a) of the of the Bankruptcy Code, the Liquidating Trustee may recover from Defendant the amount of the Transfers, plus interest.

## COUNT III:
## DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(d)

29. The Liquidating Trustee repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 to 28 of this Complaint as though they were set forth here.

30. As set forth above, property is recoverable from Defendant under 11 U.S.C. § 550 and Defendant is a transferee of a transfer avoidable under 11 U.S.C. § 547. Defendant has not

paid the amount or turned over property for which Defendant is liable to the Debtors or the Liquidating Trustee. Accordingly, pursuant to 11 U.S.C. § 502(d), any and all claims filed by the Defendant must be disallowed. The Liquidating Trustee requests that all claims filed by Defendant be disallowed.

## PRAYER FOR RELIEF

Based on the foregoing, the Liquidating Trustee requests that the Court enter a judgment against Defendant for:

(a) avoidance and recovery of the Transfers in the amount of $71,841.86 pursuant to 11 U.S.C. §547(b) and directing Defendant to pay the Liquidating Trustee the amounts avoided;

(b) in the alternative, avoidance of the Transfers in the amount of $71,841.86 pursuant to 11 U.S.C. § 548(a)(1)(B) and directing Defendant to pay the Liquidating Trustee the amounts avoided;

(c) pre-judgment interest;

(d) reasonable attorney's fees;

(e) costs of suit;

(f) disallowance of all claims filed by Defendant; and

(g) such other and further relief, both at law and in equity, as the Court may deem just and proper.

Dated: April 20, 2011
   New York, New York

                <u>/s/ Peter S. Goodman</u>
                Peter S. Goodman
                MCKOOL SMITH P.C.
                One Bryant Park, 47th Floor
                New York, New York 10036
                Telephone: (212) 402-9200
                Facsimile: (212) 402-9444

                - and -

                MCKOOL SMITH P.C.
                Basil A. Umari (*pro hac vice*)
                Nicholas Zugaro (*pro hac vice*)
                600 Travis Street, Suite 7000
                Houston, Texas 77002
                Telephone: (713) 485-7304
                Facsimile: (713) 485-7344

                Counsel to the Liquidating Trustee